THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MONTOYA ASIA ABBOTT and §
RONTRAE ABBOTT, §
 §
    Plaintiffs, §
 §
VS. § CIVIL NO. **SA 20-CV-0173**
 §
 §
THE UNITED STATES OF AMERICA, §
 §
    Defendant. §

## **PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1.    Now comes, MONTOYA ASIA ABBOTT and RONTRAE ABBOTT, hereinafter referred to as Plaintiffs in the above styled and numbered cause, complaining of the UNITED STATES OF AMERICA, hereinafter referred to as Defendant, and for cause of action would respectfully show unto the Court as follows:

### **JURISDICTION**

2.    Jurisdiction in this case is founded on the Federal Tort Claims Act, Title 28 U.S.C. §1346(b), and 28 U.S.C. §1367. The amount in controversy exceeds the sum of $100,000.00, exclusive of interest, costs, and attorney's fees.

### **VENUE**

3.    Plaintiffs, MONTOYA ASIA ABBOTT and RONTRAE ABBOTT are resident/citizens of San Antonio, Bexar County, Texas.

4. Each of the relevant acts complained of occurred in San Antonio, Bexar County, Texas, within the San Antonio Division of the United States District Court for the Western District of Texas.

## ADMINISTRATIVE CLAIMS

5. Plaintiffs, MONTOYA ASIA ABBOTT and RONTRAE ABBOTT have filed their original Claims for Damages with the Department of the Army, Brooke Army Medical Center, Fort Sam Houston, Texas, which was received by the Departments of the Army June 20, 2019, more than six (6) months prior to the filing of this Original Complaint. The Departments of the Army has not denied the Plaintiffs' claims; however, the investigative six (6) month period has expired as of December 21, 2019.

## SERVICE

6. Service of citation may be had upon the Defendant, UNITED STATES OF AMERICA, by serving its agent, John Bash, United States Attorney for the Western District of Texas, at his office located at 601 NW Loop 410, San Antonio, Bexar County, Texas 78216, and by sending a true and correct copy of this Complaint by Certified Mail, Return Receipt Requested, Restricted Deliver to The Honorable William Barr, Attorney General of the United States, The Department of Justice, 10th and Constitution N.W., Room B-112, Washington, D.C. 20530

## AGENCY

7. The Defendant, UNITED STATES OF AMERICA, acting by and through its agents, servants and/or employees of the Department the Army, owns and operates the Brooke Army Medical Center located at Fort Sam Houston, Bexar County, Texas. Said facility provides healthcare services for persons such as MONTOYA ASIA ABBOTT.

## FACTUAL BACKGROUND

8.  Plaintiff, MONTOYA ASIA ABBOTT is a 37-year-old woman who was born on November 4, 1982. On January 29, 2019, Mrs. Abbott underwent uncomplicated laparoscopic Roux-en-Y gastric bypass surgery at Brooke Army Medical Center. On February 2, 2019, she was discharged to her home. While at home, Mrs. Abbott continued to experience extreme pain after the surgery, but was told that this was normal. She also complained about persistent nausea and not being able to" keep any food down" but was told that this was also normal. On March 7, 2019, Mrs. Abbott presented to the Emergency Department at Brooke Army Medical Center where she complained of persistent nausea and vomiting, abdominal pain, and no bowel movement for over 3 days. Mrs. Abbott was admitted to the hospital from the Emergency Department with an admitting diagnosis of mild acute pancreatitis, persistent PO intolerance, nausea, anxiety and an adjustment disorder. Several tests were performed, but none of the result provided a definitive diagnosis of her persistent abdominal problems. She was, nevertheless, again discharged to her home on March 13, 2019. On March 18, 2019, Mrs. Abbott was admitted to the Brooke Army Medical Center again complaining of persistent PO intolerance, nausea and abdominal discomfort. Following a suspected diagnosis of gallbladder dysfunction, a cholecystectomy was planned for the following day. On March 19, 2019, Mrs. Abbott underwent a laparoscopic cholecystectomy which was completed without complications. On March 21, 2019, Mrs. Abbott was discharged to her home following minor improvement in her complaints of nausea and abdominal pain; however, on March 29, 2019, Mrs. Abbott returned again to the Emergency Department at Brooke Army Medical Center complaining of abdominal pain, nausea, and PO intolerance. When her symptoms eventually resolved, Mrs. Abbott was again released once more to her home. On April 5, 2019, Mrs. Abbott was transported by EMS to the

Emergency Department at Brooke Army Medical Center complaining of nausea, vomiting, confusion and lethargy. Upon her arrival in the Emergency Department she was found to be in an altered mental state and unable to provide a reliable history. Mrs. Abbott stated she had persistent nausea and vomiting for the preceding three (3) days and stated she felt "weird" and unlike herself. An abdominal CT scan was performed and found to be within normal limits. An EKG failed to identify any acute process or ischemia. The Bariatric Surgery Service had no explanation for Mrs. Abbott's presenting symptoms; however, B-12 and Thiamine deficiency was considered as a possible etiology for altered mental state. After some improvement following a reduction in her medication, Mrs. Abbott was discharged on April 7, 2019, to her home with Home Health Care scheduled to address her PO intolerance, generalized weakness and deconditioning. On April 10, 2019, Mrs. Abbott was again transported by EMS to the Emergency Department at Brooke Army Medical Center and was admitted to the hospital with a diagnosis of confusion, disorientation, and lethargy. She also had difficulty ambulating and persistent nausea. During this admission Mrs. Abbott's diagnosis included Vitamin D deficiency, Thiamine deficiency, Vitamin B12 deficiency and hypokalemia. Mrs. Abbott's altered mental state rendered her unable to provide a reliable history. During this admission Mrs. Abbott was accompanied by her mother, Annie Carter, who was able to provide some additional historical information about her daughter. Mrs. Abbott's mother informed her daughter's physicians that Mrs. Abbott was confused, weak and had been PO intolerant for several weeks. After undergoing a nutritional status evaluation, Mrs. Abbott was found to have a Vitamin B12, Vitamin D and significant Thiamine deficiency. Because of her Thiamine deficiency with peripheral neuropathic pain and altered mental state, a differential diagnosis of Wernicke's Encephalopathy was considered; however, her physicians felt that her Thiamine level was not low enough to support a

diagnosis of Wernicke's Encephalopathy and her imaging was not consistent with that pathology. Nevertheless, Mrs. Abbott was started on high-dose Thiamine for 3 days, then reduced to 100 mg of Thiamine orally 3 times a day because of a shortage of IV Thiamine. Mrs. Abbott was unable to benefit from the orally administered Thiamine due to her persistent PO intolerance. On April 19, 2019, Mrs. Abbott was discharged via ambulance to the Select Rehab Hospital of San Antonio for eight weeks of physical therapy. At her discharge Mrs. Abbott was unable to stand or sit without assistance. Her admitting diagnosis at the Select Rehab Hospital was encephalopathy and included Thiamine deficiency with deconditioning and generalized malnutrition following bariatric surgery. On May 14, 2019 Mrs. Abbott was discharged to the Parklane West Healthcare Center, a skilled nursing facility for further rehabilitation. On June 20, 2019, Mrs. Abbott was transferred to the Kindred Hospital, long-term care facility. Following nine days of therapy, on June 29, 2019, Mrs. Abbott was discharged to her home where she was to receive Home Health Care. Her discharge diagnosis included "quadriparesis, essential tremor, severe debility due to prolonged illness".

## NEGLIGENT ACTS AND/OR OMISSIONS

9. Plaintiffs, MONTOYA ASIA ABBOTT and RONTRAE ABBOTT would show that the Defendant, UNITED STATES OF AMERICA, acting by and through its agents, servants and/or employees at Brooke Army Medical Center, was negligent in the healthcare and treatment provided to Plaintiff, MONTOYA ASIA ABBOTT, and that such negligence was a direct and proximate cause of the injuries and damages suffered by the Plaintiffs herein. Such negligent acts and/or omissions include, but are not limited to the following:

    **(A)** Failure to provide Plaintiff MONTOYA ASIA ABBOTT, post-operative medical care up to and within the requisite standard of care.

**(B)** Failure to timely diagnose and treat Plaintiff, MONTOYA ASIA ABBOTT'S, vitamin and thiamine deficiency; and

**(C)** Failing to act as physicians and healthcare providers of ordinary prudence would have acted under the same or similar circumstances.

**10.** Each and all of the above foregoing acts of the Defendant, both of omission and commission, were negligent and constituted negligence, and each and all were a proximate cause of the injuries and damages sustained by the Plaintiffs herein.

## DAMAGES

**11.** As a result of the negligence of the physicians and staff at Brooke Army Medical Center, the Plaintiff, MONTOYA ASIA ABBOTT has been caused to sustain physical pain, mental anguish, physical impairment, and physical disfigurement in the past, and will, in reasoning medical probability, continue to sustain these injuries in the future. Additionally, MONTOYA ASIA ABBOTT has incurred medical, hospital, and therapy expenses in the past, and will, in reasonable medical probability, continue to incur these expenses in the future. MONTOYA ASIA BBOTT has also sustained a loss of earnings in the past, and will, in reasonable probability, continue to sustain these losses in the future. Plaintiff, RONTRAE ABBOTT, husband of MONTOYA ASIA ABBOTT, has been caused to sustain a loss of consortium and the loss of household services in the past, and will, in reasonable probability, continue to sustain these losses in the future as a result of the injury sustained to his wife.

## DAMAGE LIMITATIONS

**12.** Plaintiffs believe and allege that the damages caused by the negligent acts of omissions and/or commissions of the Defendant, has injured the Plaintiffs in an amount within the jurisdictional limits of this Court.

13. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant herein be duly cited to appear and answer herein, and that upon final hearing of this suit, Plaintiffs have and recover judgment from the Defendants, in an amount within the jurisdictional limits of this Court, together with post-judgment interest as allowed by law, plus reasonable costs of Court, and for such other and further relief, both general and special, in law and equity, to which the Plaintiffs' may show themselves to be justly entitled.

Respectfully submitted,

**TINSMAN & SCIANO, INC**
10107 McAllister Freeway,
San Antonio, Texas 78216
TEL: (210) 225-3121
FAX: (210) 225-6235
*jca@texaslawfirm.com*

BY: _____
**JEFFREY C. ANDERSON**
STATE BAR NO. 01190500

ATTORNEY FOR PLAINTIFFS